UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAS ALEXANDER, | |
| Plaintiff, | No. 07 CV 6655 |
| v. | Judge Kendall |
| ADVOCATE HEALTH CARE, | Mag. Judge Cole |
| Defendant. | |

## ANSWER

Advocate Health and Hospitals Corporation ("Advocate"), incorrectly sued as Advocate Health Care, submits the following as its Answer to Plaintiff, Lamas Alexander's, Complaint Of Employment Discrimination.

1. This is an action for employment discrimination.

**ANSWER:** Advocate admits that the Complaint purports to allege claims of employment discrimination, but denies that it unlawfully discriminated against Plaintiff.

2. The plaintiff is Lamas Alexander.

**ANSWER:** Advocate admits the allegations contained in paragraph 2.

3. The defendant is Advocate Healthcare, who resides at 2025 Windsor Drive, City of Oak Brook, County of DuPage, State of Illinois, 60523. Defendant's telephone number is (630) 572-9393.

**ANSWER:** Advocate admits that its proper name is Advocate Health and Hospitals Corporation and that its principal place of business is located at 2025 Windsor Drive, Oakbrook, Illinois.

NGEDOCS: 1499813.1

4. The plaintiff sought employment or was employed by the defendant at 5400 Pearl Street, City of Rosemont, County of Cook, State of Illinois, 60018.

**ANSWER:** Advocate admits that Plaintiff sought employment and was employed by Advocate Shared Labs, a division of Advocate Health and Hospitals Corporation, located at 5400 Pearl Street, Rosemont, Illinois.

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Advocate admits the allegations contained in paragraph 5.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, April 18, 2006.

**ANSWER:** Advocate denies the allegations and legal conclusions contained in paragraph 6.

7. (a) The plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies: the United States Equal Employment Opportunity Commission on or about June 14, 2006 and October 12, 2006.

(b) If charges were filed with an agency indicated above, a copy of the charge is attached. (Yes.)

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** Advocate admits that Plaintiff filed separate charges against Advocate Health Care asserting various acts of discrimination based on race and/or disability with the United States Equal Employment Opportunity Commission (" EEOC") on or about October 12, 2006 and June 14, 2006. Advocate further admits that copies of the charges are attached to Plaintiff's Complaint. Advocate denies that Plaintiff filed a charge of discrimination with the

2

admits that no action was taken against an employee named Xavier because Plaintiff did not report the alleged incident.

(4) On April 18, 2006 I was subjected to derogatory statements about my race, and disability (Diabetic), by the shift supervisor Larry Moore. The next day I reported it to my immediate supervisor Clay Caulkin and the manager of the department Matt Clark. Two days later Matt Clark, the department manager assured me that he had taken care of the issue and that no further discussion would be necessary.

**ANSWER:** Advocate denies that Plaintiff was subjected to derogatory statements about his race and/or disability by the shift supervisor, Larry Moore, on April 18, 2006 or at any other time. Advocate denies the remaining allegations contained in paragraph 13(4).

(5) At the beginning of the month of May 2006 Larry Moore a supervisor in the courier department, is overheard telling a dispatcher that he is going to get that SOB, Lamas Alexander fired the hell out of here.

**ANSWER:** Advocate denies the allegations contained in paragraph 13(5).

(6) On June 1, 2006 as I enter the building I am greeted by my supervisor Clay Caulkin and asked to accompany him to the conference room at the other end of the building. When we arrive Larry Moore is waiting for us with a document in his hand. Larry Moore passes the documents to Clay Caulkin, who turns to me and states that I am being given a Level 1 written warning for 11 performance failures, that began with the night [of] April 18, 2006.

**ANSWER:** Advocate admits that on May 31, 2006, Plaintiff was given a Level 1 written warning for 11 performance failures that begin with the evening of April 18, 2006. Advocate denies the remaining allegations contained in paragraph 13(6).

(7) On June 8, 2006 I was given a Level II written warning, that was revised and issued again on June 13, 2006.

**ANSWER:** Advocate admits the allegations contained in paragraph 13(7).

(8) On June 14, 2006 I filed an EEOC discrimination charge #440-2006-05608.

5

EEOC or any other administrative agency that asserted a failure to reasonably accommodate Plaintiff's religion

8.  The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on September 1, 2007 a copy of which Notice is attached to this complaint.

**ANSWER:**  Advocate admits that the EEOC issued separate Notices of Right to Sue relating to the charges Plaintiff filed against Advocate Health Care and that copies of those Notices are attached to the Complaint. Advocate lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiff's receipt of the Notices of Right to Sue and, therefore, denies same.

9.  The defendant discriminated against the plaintiff because of the plaintiff's Disability (Americans with Disabilities Act) and Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

**ANSWER:**  Advocate denies the allegations and legal conclusions contained in paragraph 9.

10.  The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

**ANSWER:**  Advocate admits that Plaintiff purports to sue Advocate for discrimination on the basis of race, color or natural origin (42 U.S.C. §1993), but denies that it discriminated against Plaintiff or that 42 U.S.C. §1983 has any application herein.

11.  Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); over 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; over the A.D.E.A. by 42 U.S.C. §12117.

3

**ANSWER:** Advocate admits that jurisdiction over Plaintiff's claim exists pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3). Advocate denies the remaining allegations and legal conclusions contained in paragraph 11.

12. The defendant terminated the plaintiff's employment; failed to reasonably accommodate the plaintiff's religion; failed to reasonably accommodate the plaintiff's disabilities; and retaliated against the plaintiff by terminating employment after plaintiff filed the EEOC charge of discrimination.

**ANSWER:** Advocate admits that it terminated Plaintiff's employment, but denies that its actions were unlawful and/or that it failed to reasonably accommodate the Plaintiff's alleged disability or religion or that it retaliated against Plaintiff by terminating his employment after Plaintiff filed any EEOC Charge of Discrimination.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

(1) I began my employment with the respondent on October 3, 2005. My position at the time of my acceptance of their offer, was Courier 1.

**ANSWER:** Advocate admits the allegations contained in paragraph 13(1).

(2) From October 2005 until April 2006, I was deemed an exemplary employee. That is to say, an employee without problems or issues.

**ANSWER:** Advocate denies the allegations contained in paragraph 13(2).

(3) In February 2006 a co-worker approached my wife without provocation, and asked why did you marry that m----------g guy. I reported this to my immediate supervisor Clay Caulkin. My wife and I are a mix race couple. There was no action taken against this co-worker named Xavier, who works as a dispatcher in the courier department.

**ANSWER:** Advocate lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in the first sentence contained in paragraph 13(3). Advocate denies that Plaintiff reported the alleged incident to his immediate supervisor, Clay Caulkin. Advocate admits the third sentence of paragraph 13(4) and further

4

**ANSWER:** Advocate admits the allegations contained in paragraph 13(8).

(9) I had applied for the position of Patient Access Representative at one [of] the respondent's hospitals in early April 2006. I wanted to transfer to another facility internally so I would not lose benefits or pay.

**ANSWER:** Advocate admits that, in April 2006, Plaintiff applied for the position of Patient Access Representative at an Advocate hospital. Advocate lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in paragraph 13(9).

(10) I was interviewed on two separate occasions for this position and was told by the Patient Access Manager Nicole Jones I was considered a top candidate for the job. I did not get either of the vacant positions and was not notified that I had not been hired, even though the department Manager Nicole Jones told me that I would hear from herself or the recruiter within 2-3 days.

**ANSWER:** Advocate admits that Plaintiff was interviewed for the position of Patient Access Representative and that Plaintiff was neither hired for the position nor notified that he was not being offered the position. In further answer, Advocate affirmatively states that it did not notify any candidate that they were not being offered the position. Advocate denies the remaining allegations contained in paragraph 13(10).

(11) I was subsequently issued a Level III written warning on June 27, 2006 and terminated on June 28, 2006.

**ANSWER:** Advocate admits the allegations contained in paragraph 13(11).

(12) I believed that I have been retaliated against, in violation of Title VII of the civil rights act of 1964, as amended.

**ANSWER:** Advocate lacks sufficient knowledge to form a belief as to the truth or accuracy of the allegations contained in paragraph 12 and, therefore, denies same. In further

NGEDOCS: 1499813.1

answer, Advocate denies that Plaintiff was retaliated against in violation of Title VII of the Civil Rights Act of 1964.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Advocate states as follows:

### First Affirmative Defense

To the extent that Plaintiff's Complaint attempts to allege a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) based on the failure to accommodate Plaintiff's religion, such a claim is barred because Plaintiff failed to exhaust his administrative remedies prior to filing suit.

### Second Affirmative Defense

Plaintiff has failed to fully mitigate his damages.

WHEREFORE, Advocate Health and Hospitals Corporation, incorrectly sued as Advocate Health Care, respectfully requests that this Count enter judgment in it s favor and against Plaintiff, Lamas Alexander and grant such other relief as the Court deems proper.

Dated: February 11, 2008

Respectfully submitted,

ADVOCATE HEALTH AND HOSPITALS CORPORATION

By: _____
One of Its Attorneys

Douglass G. Hewitt
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 269-8481
Firm ID 13739

7

NGEDOCS: 1499813.1

## CERTIFICATE OF SERVICE

Douglass G. Hewitt, an attorney, states that he served a copy of the foregoing **Answer to Complaint of Employment Discrimination** upon:

>Lamas Alexander
>463 Mallview Lane
>Bolingbrook, IL  60440

by causing same to be deposited in the U.S. mail, postage prepaid at Two North LaSalle Street, Suite 2200, Chicago, Illinois on February 11, 2008.

_____
Douglass G Hewitt