UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lamas Alexander, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Virginia M. Kendall |
| | ) | |
| v. | ) | Case No. 1:07-cv-06655 |
| | ) | |
| Advocate Health Care, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on the 19TH day of May 2008, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, **DEFENDANT'S PROPOSED STATUS REPORT,** a copy of which is attached hereto and hereby served upon you.

May 19, 2008                                                    ADVOCATE HEALTH CARE

By:   _____
          Douglass G. Hewitt

Douglass G. Hewitt, Esq.
NEAL GERBER & EISENBERG LLP
Two North LaSalle Street – Ste. 2200
Chicago, IL  60602
(312) 269-8000
(312) 269-1747 (fax)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lamas Alexander, | ) |
|     Plaintiff, | ) Hon. Virginia M. Kendall |
| v. | ) Case No. 1:07-cv-06655 |
| Advocate Health Care, | ) |
|     Defendant. | ) |

### DEFENDANT'S PROPOSED STATUS REPORT

Defendant, Advocate Health Care, submit the following Status Report.

**A.   NATURE OF THE CASE**

1. <u>Lead attorneys on the case</u>:

Plaintiff is proceeding *pro se*. Lead counsel for Defendant is Douglass G. Hewitt, c/o Neal Gerber & Eisenberg, LLP, Two North LaSalle Street, Suite 2200, Chicago, IL 60602.

2. <u>Basis for federal jurisdiction</u>:

28 U.S.C. 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. <u>Nature of the claims asserted in the complaint and any counterclaims</u>:

Plaintiff's Complaint purports to allege claims of employment discrimination based on Plaintiff's alleged disability, religion and/or race. No counterclaim has been asserted.

4. <u>Name of any party that has not been served</u>:

The Defendant was served on or about January 21, 2008 and has answered the Complaint.

5. <u>Principal legal issues</u>:

To the extent Plaintiff's Complaint attempts to allege a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* based on the failure to accommodate Plaintiff's religion, whether such a claim is barred because of Plaintiff's failure to exhaust his administrative remedies.

6. <u>Principal factual issues</u>:

Whether Defendant discriminated against Plaintiff on the basis of his disabiilty, religion or race; whether Plaintiff is disabled within the Americans with Disabilities Act; whether Defendant was aware of Plaintiff's alleged disability; whether Defendant failed to reasonably accommodate Plaintiff's alleged disability; whether Defendant had a legitimate non-discriminatory reason to terminate Plaintiff's employment and/or decide not to hire Plaintiff for the position of Patient Access Representative; whether Defendant retaliated against Plaintiff by terminating Plaintiff's employment after Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

**B.    DISCOVERY**

1. <u>Brief description of completed discovery and any remaining discovery.</u>

Defendant served Interrogatories and a Request for Production of Documents on March 10, 2008. Plaintiff has not yet responded. Defendant anticipates conducting Plaintiff's deposition and may depose other witnesses based upon Plaintiff's Answers to Interrogatories.

2. <u>Brief description of any pending or anticipated motions</u>:

No motions are presently pending. Defendant anticipates the possibility of filing a motion for summary judgment based on the results of discovery.

3. <u>Brief description of any previously entered rulings on substantive issues</u>:

No rulings on substantive issues have been issued.

4. <u>Any previously filed status reports</u>:

No status report has previously been filed.

**C. TRIAL**

1. <u>If a trial is anticipated whether the parties consent to proceed before a Magistrate Judge</u>: Defendant will consent to trial before the Magistrate Judge Cole.

2. <u>If a trial is anticipated, how long will the trial take and whether a jury is requested</u>:

Plaintiff has demanded trial by jury. Defendant anticipates that trial will require three to five days.

**D. SETTLEMENT**

1. <u>Status of any settlement discussions and whether the parties request a settlement conference</u>:

The parties have engaged in settlement discussions, but remain relatively far apart in their assessment of the case and those discussions have not resulted in an agreement. Defendant does not request a settlement conference.

May 19, 2008                                ADVOCATE HEALTH CARE

                                            By: _____
                                                 Douglass G. Hewitt
                                                 One of Its Attorneys

Douglass G. Hewitt, Esq
NEAL GERBER & EISENBERG LLP
Two North LaSalle Street – Ste. 2200
Chicago, IL 60602
(312) 269-8000

- 5 -

## CERTIFICATE OF SERVICE

I, Douglass G. Hewitt, an attorney, hereby certify that on May 19, 2008, I served a true and correct copy of the foregoing *Defendant's Proposed Status Report* upon Lamas Alexander, 463 Mallview Avenue, Bolingbrook, Illinois 60440, by placing said document in a properly addressed, postage-prepaid envelope in the U.S. Mail at Two North LaSalle Street.

*/s/ Douglass G. Hewitt*
Douglass G. Hewitt

NGEDOCS: 1533157.1